IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 2 4 2016

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Personal Representatives
of the Estate of JIMMY HOOD, Deceased                    PLAINTIFFS

v.                          NO. 4:16cv434-KGB

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                              DEFENDANTS

## NOTICE OF REMOVAL

Defendants Julie Pollock and Western Flyer Express, LLC hereby remove and

provide notice of removal of this action from the Circuit Court of Pope County,

Arkansas, to the United States District Court, Eastern District of Arkansas, Western

Division.

This case assigned to District Judge *Baker*
and to Magistrate Judge *Kearney*

1.   State court action.

On May 23, 2014, Plaintiffs filed this wrongful death action against

Defendants Julie Pollock and Western Flyer Express, LLC alleging Defendants were

negligent in causing a motor vehicle accident that resulted in the death of Jimmy

Hood.  The case is styled John Sims and Ida Jean Elliott Individually and as Co-

Personal Representatives of the Estate of Jimmy Hood, Deceased v. Julie Pollock and

Western Flyer Express, LLC f/k/a Western Flyer Express, Inc., Pope County Circuit

Court and designated Case No. 58CV-16-244.  Ex. A, Compl.

2.    Receipt of initial pleading.

Counsel for Defendants obtained a copy of the Complaint on or about May 26, 2016. Less than thirty (30) days have elapsed since May 26, 2016.

3.    Nature and cause of action in the Complaint.

This is a negligence action. Ex. A. Jimmy Hood was killed on May 23, 2014 following a collision with a motor vehicle operated by Defendant Julie Pollock. Ex. A at para. 8. Plaintiffs claim at the time of the accident Defendant Pollock was acting within the course and scope of her employment with Defendant Western Flyer. Ex. A at para. 9. Plaintiffs claim Defendant Western Flyer is vicariously liable for the alleged negligence of Defendant Pollock. Ex. A at para. 9, 13. Plaintiffs also assert a claim of negligent entrustment as against Defendant Western Flyer. Ex. A at para. 12.

Plaintiffs seek compensatory damages. Ex. A at para. 17. Plaintiffs also seek punitive damages. Ex. A at WHEREFORE para.

4.    Removal of state court action.

Removal is sought pursuant to 28 U.S.C. § 1446(a). "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This action is removable under 28 U.S.C. §

1441(a) because the district court has original jurisdiction under 28 U.S.C. §

1332(a), venue is proper in the Western Division of the Eastern District of Arkansas,

and this notice of removal is timely filed.

5.   <u>This Court has original jurisdiction over Plaintiffs' action.</u>

Original jurisdiction exists under 28 U.S.C. § 1332(a).  Section 1332(a)(1)

provides that federal courts have original jurisdiction of "all civil actions where the

matter in controversy exceeds the sum or value of $75,000, exclusive or interests and

costs, and is between – (1) citizens of different states."  This is an action between

citizens of different states and the amount in controversy exceeds $75,000, exclusive

of interests and costs.

(a)   <u>Diversity of citizenship exists between Plaintiffs and Defendants.</u>

Plaintiffs John Sims and Ida Jean Elliott are co-personal representatives of the

Estate of Jimmy Hood.  For purposes of diversity citizenship jurisdiction, "the legal

representative of the estate of a decedent shall be deemed to be a citizen only of the

same State as the decedent, and the legal representative of an infant or incompetent

shall be deemed to be a citizen only of the same State as the infant or incompetent."

28 U.S.C. § 1332(c)(2).  Jimmy Hood was a citizen of the State of Arkansas.  Ex. A

at para. 8.  Therefore, Plaintiffs are deemed citizens of the State of Arkansas.

Defendant Julie Pollock is a citizen of the State of Florida.  Ex. A at para. 3.

Defendant Western Flyer is a limited liability company.  For purposes of

diversity jurisdiction, citizenship of a limited liability company, is the citizenship of each of its members.  One Point Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).  Western Flyer's members are citizens of the State of Oklahoma.  Ex. A at para. 4; see also, Corporate Disclosure Statement, filed contemporaneously herewith.  Thus, Western Flyer is deemed a citizen of the State of Oklahoma.

Plaintiffs have alleged damages which exceed that which is necessary for federal diversity jurisdiction.  Thus, this action is between parties of diverse citizenship and the amount in controversy is greater than $75,000.  This Court has original jurisdiction over this lawsuit, and it is properly removed to this Court.

6.     Defendants consent to removal.

Both Defendants join in this removal.  Hence, both consent to removal.

7.     Venue is proper.

The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the state court action is now pending and is the proper district court to which this case should be removed.  28 U.S.C. §§ 1441(a), 1446(a).

8.     The notice of removal is timely.

This removal is timely because more than thirty (30) days have not elapsed since Defendants' receipt or notice of the initial pleading.  28 U.S.C. § 1446(b).

9.    <u>The state court pleadings are filed with this Notice.</u>

Defendants are simultaneously filing with this Notice copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the Pope County Circuit Court.  (Exs. A, B, C, D, & E).  Defendants have given prompt notice of filing of the removal by filing a copy of Notice of Removed action with the Circuit Court of Pope County and by mailing a copy of the same to Plaintiffs' attorney, Matt Keil, Keil & Goodson, P.A., P.O. Box 618, Texarkana, TX 71854.

In filing this Notice of Removal, Defendants do not waive, and specifically reserve, all defenses, exceptions, rights, and motions.  No statement herein or omission herefrom shall be deemed constituted an admission by Defendants of any of the allegations of or damages sought in the Complaint.

WHEREFORE, the Defendants, Julie Pollock and Western Flyer Express, LLC, remove this action from the Circuit Court of Pope County, Arkansas, to the Western Division of the United States District Court for the Eastern District of Arkansas.

WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVENUE, SUITE 200
LITTLE ROCK, AR 72201-1769
(501) 372-1406
(501) 372-1209 FAX


By:     _____
RICHARD N. WATTS (82174)
STACI DUMAS CARSON (2003158)

## CERTIFICATE OF SERVICE

I, Staci Dumas Carson, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this 24 day of June, 2016.

Matt Keil
Keil & Goodson, P.A.
P.O. Box 618
Texarkana, TX 71854

STACI DUMAS CARSON

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JOHN SIMS AND IDA JEAN ELLIOTT       §
INDIVIDUALLY AND AS CO-PERSONAL      §
REPRESENTATIVES OF THE ESTATE        §
OF JIMMY HOOD, DECEASED,             §
                                     §     NO. 58CV-16-244
        Plaintiffs,                  §
                                     §
vs.                                  §     **JURY TRIAL DEMANDED**
                                     §
JULIE POLLOCK AND                    §
WESTERN FLYER EXPRESS, LLC f/k/a     §
WESTERN FLYER EXPRESS, INC.          §
                                     §
        Defendants.                  §

### PLAINTIFFS' ORIGINAL COMPLAINT
### AND DEMAND FOR TRIAL BY JURY

COMES NOW, the Plaintiffs, John Sims and Ida Jean Elliott, Individually and as Co-Personal Representatives of the Estate of Jimmy Hood, Deceased, and for their Original Complaint against Defendants, Julie Pollock and Western Flyer Express, LLC., f/k/a Western Flyer Express, Inc., would respectfully show unto the Court as follows:

### I.

### INTRODUCTION

1.      This is an action for wrongful death, survival and negligence, steaming from multiple incidents of recklessness and negligence that led to the accident on Friday, May 23, 2014, killing Jimmy Hood, Plaintiffs' descendent.



## II.

## PARTIES

2.      Plaintiffs, John Sims is a resident of Pope County and Ida Jean Elliott is a resident of Tulsa, Oklahoma and were duly appointed Co-Personal Representatives of the Estate of Jimmy Hood, deceased.

3.      Defendant, Julie Pollock, is an individual residing in Bunnell, Florida and may be served with process at her residential address 1307 Cottonwood Street, Bunnell, Florida 32110.

4.      Defendant, Western Flyer Express, LLC., f/k/a Western Flyer Express, Inc., is a domestic limited liability Company with its principle place of business at 5204 West I-40 Service Road, Oklahoma City, Oklahoma 73128. Defendant, Western Flyer Express, LLC., may be served through its registered agent for service of process, William Whitehill, Jr., at 100 North Broadway Ste 1700, Oklahoma City, Oklahoma 73102.

## III.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under A.C.A. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justifiable matters not otherwise assigned pursuant to the Constitution.

6.      Venue is proper under A.C.A. § 16-60-112, which states that all actions for damages for personal injury shall be brought in the county where the accident occurred or the county where the person injured resided at the time of the accident.

7.     Jurisdiction and venue are further proper in this Court as Pope County was residence of Jimmy Hood on all occasions relevant to these causes of action under A.C.A. § 16-55-213. Furthermore, the accident which is the subject of this complaint occurred in Pope County Arkansas.

## IV.

## FACTS

8.     On or about May 23, 2014, at approximately 9:00 a.m., Jimmy Hood of Russellville, Arkansas, was riding his three wheel bicycle in the area of the intersection of State Highway 326 and Parkway Drive, Russellville, Arkansas.   Jimmy Hood was wearing a fluorescent green reflecting vest and bicycle helmet.  His bicycle was equipped with a bike flag pole with a flag attached thereto.  Jimmy Hood had come to a stop at the intersection of State Highway 326 and Parkway Drive heading in a southerly direction waiting for the traffic signal to turn green so he could cross Parkway Drive. Once the traffic signal turned green Jimmy Hood started to proceed across Parkway Drive when he was violently and unexpectedly run over by a 2013 White Freightliner Fleet Tractor-Trailer vehicle owned by Defendant, Western Flyer Express, LLC, and driven by Defendant, Julie Pollock.  According to Defendant Julie Pollock's statement to the Russellville Police Department, she "came off exit 83- turned left; came over bridge in right hand lane; lights were green; put my indicator on to turn right; pulled slightly to center line to make turn; saw bicycle on curb sitting waiting to cross.  Didn't realize had hit somebody until people in cars were screaming at me. Pulled over to side of the road and stopped".

Jimmy Hood was crushed between the double axel rear tires on the passenger side of the trailer where he was drug approximately 200 feet before the truck was stopped. A portion of the fluorescent green reflecting vest was grounded into the asphalt along the path of the skid mark. The bicycle helmet that Jimmy Hood was wearing was still attached to his head; however, it was crushed on one side. Jimmy Hood suffered severe and extreme pain, suffering, mental anguish and multiple severe personal injuries that resulted in his death.

9.     The Plaintiffs would show that at the time and on the occasion in question, the Defendant, Julie Pollock, was acting as the agent or servant of the Defendant, Western Flyer Express, LLC., and that the Defendant, Julie Pollock, was operating the 2013 White Freightliner Fleet Tractor-Trailer while in the course and scope of her employment with Western Flyer Express, LLC., at the time of the accident in question. That as a result of the agent/servant relationship the negligence of Defendant, Julie Pollock is imputed to Defendant, Western Flyer Express, LLC.

10.     The death of Mr. Hood was the sole and proximate result of the injuries sustained due to the negligent conduct of Defendants, Julie Pollock and Western Flyer Express, LLC.

## V.

## CAUSES OF ACTION

### A.  Negligence

11.     Plaintiffs incorporate by reference the allegations in paragraph 1-10 above. On May 23, 2014, Defendant, Julie Pollock was negligent in operating the 2013 White Freightliner Fleet Tractor-Trailer owned by Defendant, Western Flyer Express, LLC., in that she operated the vehicle without keeping a proper and sufficient lookout for pedestrians in and about the area; failed to exercise proper precautions upon observing Mr. Hood, who was a pedestrian, and struck him; failed yield at the intersection; failed to yield the pedestrians' right-of-way in crosswalks;

failed to give audible and proper warning of the approach of the tractor-trailer; failed to keep a proper lookout; failed to properly control her vehicle; failed to timely apply brakes, failed to change course or make adequate efforts to stop to avoid hitting Jimmy Hood; failed to stop the semi-tractor trailer when danger was imminent so as to avoid striking Jimmy Hood; failed to exercise ordinary care for her own safety and for the safety of others using the roadway; and otherwise carelessly, negligently, and improperly drove and operated the semi-tractor trailer.

As a direct and proximate result of the careless acts, Defendant, Julie Pollock's vehicle collided with Jimmy Hood resulting in his death.

12.     Plaintiffs would show that at the time and on the occasion in question the Defendant, Julie Pollock was operating a motor vehicle owned by Defendant, Western Flyer Express, LLC., and that by reason of said facts Defendant Western Flyer Express, LLC., is guilty of negligent entrustment.

13.     Defendant, Western Flyer Express, LLC., is responsible for all the negligent actions and inactions of Defendant, Julie Pollock plead above, under the doctrines or respondeat superior and agency.

14.     All negligent actions and inactions of Defendants as pled above were the sole and proximate cause of the injuries suffered by Jimmy Hood on the date of May 23, 2014, and his subsequent death.

## VI.

## DAMAGES

15.     Plaintiffs hereby incorporate by reference Paragraphs 1-14 above.

16.     Jimmy Hood died of multiple crushing injuries.

17.     Plaintiffs are entitled to recover from the Defendants, for the following elements of damages:

a.     Jimmy Hood's loss of life;

b.     Jimmy Hood's loss of enjoyment of life;

c.     Jimmy Hood's funeral expenses;

d.     The nature and extent of the injuries sustained by Jimmy Hood that ultimately led to his death;

e.     The conscious pain and suffering experienced by Jimmy Hood as result of the Defendants' negligence;

f.     The mental anguish experienced by Jimmy Hood before his death as a result of the Defendants' negligence;

g.     Loss of services for the care and maintenance of Patricia Ann Ross, a person who stood in loco parentis;

h.     Loss of earnings; and

i.     All other damages afforded under Arkansas law and/or deemed applicable by the Arkansas Model Jury Instructions or this Court.

## VII.

## DEMAND FOR TRIAL BY JURY

18.     Plaintiffs herewith demand a trial by jury of all issues of facts herein.

19.     Plaintiffs reserve the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damages claims as discovery develops.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against the Defendants, jointly and severally, the exact amount to be determined by a jury, for punitive damages, for costs of this litigation, and for all other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

Matt Keil
Arkansas Bar No. 86099
KEIL & GOODSON P.A.
406 Walnut Street-P. O. Box 618
Texarkana, AR 71854
Telephone:  (870) 772-4113
Facsimile:   (870) 773-2967

ATTORNEY FOR PLAINTIFFS

## KEIL & GOODSON P.A.
ATTORNEYS AT LAW
406 Walnut · P.O. Box 618
Texarkana, Arkansas · Texas 75504-0618

MATT KEIL
JOHN C GOODSON

Of Counsel
JOHN W. GOODSON
(1925-2006)

TELEPHONE: 772-4113
AREA CODE 870

FACSIMILE: 773-2967
AREA CODE 870

May 18, 2016

58CV-16-244

Ms. Diane Willcutt
Circuit Clerk
100 W. Main
Russellville, AR 72801

RE:   *John Sims and Ida Jean Elliott Individually and as Co-Personal
      Representatives of the Estate of Jimmy Hood, Deceased*

Dear Ms. Willcutt:

Enclosed please find the original and one (1) copy of the Plaintiffs' Original Complaint and Demand for Trial by Jury in reference to the above listed matter. Please file-mark the original and issue two (2) summons in this case. I have enclosed our firm's check in the amount of $165.00 for the filing fee and summons.

The summons requested should be issued as follows:

(1)   Ms. Julie Pollock
      1307 Cottonwood Street
      Bunnell, Florida 32110

(2)   Mr. William Whitehill, Jr.
      Agent for Service
      Western Flyer Express, LLC
      100 North Broadway Ste 1700
      Oklahoma City, Oklahoma 73102

Thank you for your assistance in this matter. If I can be of further assistance, please do not hesitate to contact me. With kindest personal regards, I am,

Sincerely,

Tiffani Dennington
Legal Assistant to
Matt Keil

/tld
Enclosures
cc:   File

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Personal Representatives
of the Estate of JIMMY HOOD, Deceased                        PLAINTIFFS

v.                          NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                                  DEFENDANTS

### ANSWER OF JULIE POLLOCK AND WESTERN FLYER EXPRESS, LLC F/K/A WESTERN FLYER EXPRESS, INC.

Come the Defendants, JULIE POLLOCK and WESTERN FLYER EXPRESS, LLC f/k/a WESTERN FLYER EXPRESS, INC., and for their Answer to Complaint, state:

1.      They deny Paragraph 1 of the Complaint to the extent it alleges or attempts to allege any acts of recklessness or negligence with regard to these Defendants.

2.      They admit residency of JOHN SIMS and IDA JEAN ELLIOTT. Upon information and belief, they would admit such individuals have been named as Representatives of the Estate of JIMMY HOOD, Deceased. They are however, without knowledge or information sufficient to form a belief as to the truth of the

*1 of 5*



statement that such were properly or duly appointed to act in such capacity or that the Estate of JIMMY HOOD was properly established.

3.      They admit JULIE POLLOCK is an individual residing in the State of Florida.  They further admit that WESTERN FLYER EXPRESS, LLC f/k/a WESTERN FLYER EXPRESS, INC., is a business incorporated within the State of Oklahoma.

4.      Paragraphs 5, 6, and 7 of the Complaint are statements of law not requiring a response by these Defendants.  To the extent such allege or attempt to allege any improper act or omission by these Defendants, however, they are denied.

5.      They admit the occurrence of an accident on or about 23 May 2014 at approximately 9:00 a.m. at or near the intersection of State Highway 326 and Parkway Drive in Russellville, Arkansas.  They further admit such accident involved JIMMY HOOD who was operating a bicycle and JULIE POLLOCK who was operating a Freightliner Fleet Tractor-Trailer.  To the extent Paragraph 8 of the Complaint alleges or attempts to allege any improper act or omission by JULIE POLLOCK, however, that Paragraph is denied.  They would further deny JIMMY HOOD acted in the manner set forth in such Paragraph.  They admit JIMMY HOOD died as a result of injuries sustained in the accident.

6.      They admit JULIE POLLOCK was operating the 2013 white Freightliner Fleet Tractor-Trailer for WESTERN FLYER EXPRESS, LLC at the time

of the accident made subject of the Complaint.  Having previously denied JULIE

POLLOCK was negligent, however, they would deny that any such conduct should be

imputed to WESTERN FLYER EXPRESS, LLC.

7.    They deny Paragraph 10 of the Complaint.

8.    To the extent Paragraph 11 of the Complaint incorporates allegations

previously denied, such Paragraph is denied.  They further deny each and every

allegation of negligence set forth in Paragraph 11 of the Complaint.

9.    They deny Paragraphs 12, 13, and 14 of the Complaint.

10.    To the extent Paragraph 15 of the Complaint incorporates allegations

previously denied, such Paragraph is denied.

11.    They generally admit the death of JIMMY HOOD, but are without

knowledge or information sufficient to form a belief as to the truth of the remaining

allegations set forth in Paragraph 16 of the Complaint concerning the cause of such

death.

12.    They deny Paragraph 17 of the Complaint.

13.    They deny all material allegations set forth in the Complaint which have

not been specifically admitted to in this Answer including allegations of negligence,

negligence per se, imputation of negligence, damages, or injuries.  Pleading further,

and in the affirmative, they state:

(a)    Process was insufficient or inadequate as to both Defendants;

(b)     Service of process was insufficient or inadequate as to both Defendants;

(c)     If the Plaintiff, JIMMY HOOD, sustained damages or injuries as set forth in the Complaint, such were proximately caused by the negligence of that individual which acts to bar or diminish any right of recovery by his Estate;

(d)     Having previously stated they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the appointment of Plaintiffs, JOHN SIMS and IDA JEAN ELLIOTT, as Representatives of the Estate of JIMMY HOOD, they deny such Estate was properly established or that such individuals are proper representatives for the Estate;

(e)     They deny the claims of *in loco parentis* as made by or on behalf of Patricia Ann Ross;

(f)     They deny the existence of any proper heirs to the Estate of JIMMY HOOD as set forth by the applicable laws of the State of Arkansas including A.C.A. § 16-62-101 and A.C.A. § 16-62-102; and

(g)     They reserve each and every affirmative defense set forth in Rules 8 and 12 of Arkansas Rules of Civil Procedure to be pled with more particularity upon completion of discovery.

*4 of 5*

14.    They request trial by jury.

WHEREFORE, Defendants pray for dismissal of Complaint, for costs, and for all other just and proper relief.

> WATTS, DONOVAN & TILLEY, P.A.
> 200 RIVER MARKET AVENUE, SUITE 200
> LITTLE ROCK, AR 72201-1769
> (501) 372-1406
> (501) 372-1209 FAX
>
> By:    _____
> RICHARD N. WATTS (82174)

## CERTIFICATE OF SERVICE

I, Richard N. Watts, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this 15 day of June, 2016.

Matt Keil
Keil & Goodson, P.A.
406 Walnut St
PO Box 618
Texarkana TX 71854

_____
RICHARD N. WATTS (82174)

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
DIVISION IV

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Person Representatives
of the Estate of JIMMY HOOD, Deceased                              PLAINTIFFS

VS.                                    NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                                       DEFENDANTS

### ORDER

Now on this date the court orders that the pre trial hearing in this matter be reset from

October 11, 2016 to Tuesday, November 29, 2016 at 9:00 a.m..

The parties have stated that November 29, 2016 does not conflict with their schedules.

IT IS SO ORDERED.

Dennis C. Sutterfield
DENNIS C. SUTTERFIELD
Circuit Judge
Date 06/22/16

Copy To:

Mr. Matt Keil - 87-773-2967
Mr. Richard Watts - 501-372-1209

EXHIBIT
C

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
DIVISION IV

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Person Representatives
of the Estate of JIMMY HOOD, Deceased                         PLAINTIFFS

VS.                        NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                                   DEFENDANTS

## ORDER

A pre-trial has been set in the above-referenced matter for 9:00 a.m. on October 11, 2016.

The parties are ordered and directed to submit to the court a pre-trial brief and to strictly

follow the format set forth below:

### I
### STYLE OF CASE

### II

### NAME OF PARTY SUBMITTING REPORT

### III

### NAME, ADDRESS, PHONE NUMBER, FAX NUMBER AND
### ADDRESS OF ATTORNEY REPRESENTING PARTY

### IV

### COMPLETE CHRONOLOGICAL LIST OF ANY AND ALL
### PLEADINGS OF ANY KIND FILED BY THE PARTY.
### SAID LIST SHALL INCLUDE THE DATE FILED, SUMMARY
### OF ITS CONTENTS AND THE SPECIFIC RELIEF REQUESTED.

### V.

### COMPLETE LIST OF ANY AND ALL WITNESS WHICH MAY BE CALLED AT
### TRIAL AS WELL AS A DESIGNATION AS TO WHETHER OR NOT SAID
### WITNESS IS LAY OR EXPERT AS WELL AS A BRIEF
### DESCRIPTION OF WHAT TESTIMONY IS EXPECTED OF EACH



EXHIBIT
D

## VI

COMPLETE LIST OF ANY AND ALL EXHIBITS OF ANY KIND EXPECTED TO BE INTRODUCED AT TRIAL

## VII

A COMPLETE LIST OF ANY AND ALL MOTIONS ON PRE-TRIAL ISSUES WHICH NEED TO BE ADDRESSED BY THE COURT PRIOR TO TRIAL

## VIII

ISSUES OF FACT EXPECTED TO BE CONTESTED

## IX

ISSUES OF LAW EXPECTED TO BE CONTESTED INCLUDING, BUT ARE NOT LIMITED TO, BURDENS OF PROOF AND DEFENSES AS WELL AS ANY CASE LAW OR STATUTORY LAW WHICH APPLIES

## X

ANY STIPULATIONS ENTERED INTO BY THE PARTIES

The Pre-Trial Reports shall be filed with the Clerk of this Court no later than the 3rd day

of October, 2016   with a copy going to the court and all other parties.

IT IS SO ORDERED.

*Dennis C. Sutterfield*

DENNIS C. SUTTERFIELD
CIRCUIT JUDGE
DATE: *June 20, 2016*

COPY TO:

Mr. Matt Keil - 870-773-2967
Mr. Richard N. Watts - 501-372-1209

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Personal Representatives
of the Estate of JIMMY HOOD, Deceased                          PLAINTIFFS

v.                                    NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                                   DEFENDANTS

<u>**NOTICE OF REMOVED ACTION**</u>

      Defendants Julie Pollock and Western Flyer Express, LLC hereby serve notice

that it has this date filed a Notice of Removal with the United States District Court

for the Eastern District of Arkansas, Western Division.  Copies of all pleadings,

process, orders, and other filings in the Circuit Court of Pope County, Arkansas, have

been attached to the Notice of Removal.  Counsel for Plaintiff has received written

notice of this Notice of Removal.  Attached hereto as Exhibit A is copy of the Notice

of Removal.

*1 of 2*



WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVENUE, SUITE 200
LITTLE ROCK, AR 72201-1769
(501) 372-1406
(501) 372-1209 FAX

By:   _____
      RICHARD N. WATTS (82174)
      STACI DUMAS CARSON (2003158)

## CERTIFICATE OF SERVICE

I, Staci Dumas Carson, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this 24 day of June, 2016.

Matt Keil
Keil & Goodson, P.A.
P.O. Box 618
Texarkana, TX 71854

_____
STACI DUMAS CARSON

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Personal Representatives
of the Estate of JIMMY HOOD, Deceased                    PLAINTIFFS

v.                                NO.

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                              DEFENDANTS

## NOTICE OF REMOVAL

Defendants Julie Pollock and Western Flyer Express, LLC hereby remove and

provide notice of removal of this action from the Circuit Court of Pope County,

Arkansas, to the United States District Court, Eastern District of Arkansas, Western

Division.

1.      State court action.

On May 23, 2014, Plaintiffs filed this wrongful death action against

Defendants Julie Pollock and Western Flyer Express, LLC alleging Defendants were

negligent in causing a motor vehicle accident that resulted in the death of Jimmy

Hood.  The case is styled John Sims and Ida Jean Elliott Individually and as Co-

Personal Representatives of the Estate of Jimmy Hood, Deceased v. Julie Pollock and

Western Flyer Express, LLC f/k/a Western Flyer Express, Inc., Pope County Circuit

Court and designated Case No. 58CV-16-244.  Ex. A, Compl.



*1 of 6*

2.      Receipt of initial pleading.

Counsel for Defendants obtained a copy of the Complaint on or about May 26, 2016.  Less than thirty (30) days have elapsed since May 26, 2016.

3.      Nature and cause of action in the Complaint.

This is a negligence action.  Ex. A.  Jimmy Hood was killed on May 23, 2014 following a collision with a motor vehicle operated by Defendant Julie Pollock.  Ex. A at para. 8.  Plaintiffs claim at the time of the accident Defendant Pollock was acting within the course and scope of her employment with Defendant Western Flyer.  Ex. A at para. 9.  Plaintiffs claim Defendant Western Flyer is vicariously liable for the alleged negligence of Defendant Pollock.  Ex. A at para. 9, 13.  Plaintiffs also assert a claim of negligent entrustment as against Defendant Western Flyer.  Ex. A at para. 12.

Plaintiffs seek compensatory damages.  Ex. A at para. 17.  Plaintiffs also seek punitive damages.  Ex. A at WHEREFORE para.

4.      Removal of state court action.

Removal is sought pursuant to 28 U.S.C. § 1446(a).  "[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  This action is removable under 28 U.S.C. §

1441(a) because the district court has original jurisdiction under 28 U.S.C. § 1332(a), venue is proper in the Western Division of the Eastern District of Arkansas, and this notice of removal is timely filed.

     5.    <u>This Court has original jurisdiction over Plaintiffs' action.</u>

Original jurisdiction exists under 28 U.S.C. § 1332(a).  Section 1332(a)(1) provides that federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive or interests and costs, and is between – (1) citizens of different states."  This is an action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

     (a)    <u>Diversity of citizenship exists between Plaintiffs and Defendants</u>.

Plaintiffs John Sims and Ida Jean Elliott are co-personal representatives of the Estate of Jimmy Hood.  For purposes of diversity citizenship jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent."  28 U.S.C. § 1332(c)(2).  Jimmy Hood was a citizen of the State of Arkansas.  Ex. A at para. 8.  Therefore, Plaintiffs are deemed citizens of the State of Arkansas.

Defendant Julie Pollock is a citizen of the State of Florida.  Ex. A at para. 3.

Defendant Western Flyer is a limited liability company.  For purposes of

diversity jurisdiction, citizenship of a limited liability company, is the citizenship of each of its members. One Point Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). Western Flyer's members are citizens of the State of Oklahoma. Ex. A at para. 4; see also, Corporate Disclosure Statement, filed contemporaneously herewith. Thus, Western Flyer is deemed a citizen of the State of Oklahoma.

Plaintiffs have alleged damages which exceed that which is necessary for federal diversity jurisdiction. Thus, this action is between parties of diverse citizenship and the amount in controversy is greater than $75,000. This Court has original jurisdiction over this lawsuit, and it is properly removed to this Court.

6.    Defendants consent to removal.

Both Defendants join in this removal. Hence, both consent to removal.

7.    Venue is proper.

The United States District Court for the Eastern District of Arkansas, Western Division, embraces the county in which the state court action is now pending and is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a), 1446(a).

8.    The notice of removal is timely.

This removal is timely because more than thirty (30) days have not elapsed since Defendants' receipt or notice of the initial pleading. 28 U.S.C. § 1446(b).

9.      The state court pleadings are filed with this Notice.

Defendants are simultaneously filing with this Notice copies of all process,

pleadings, orders, and other papers or exhibits of every kind on file in the Pope

County Circuit Court.  (Exs. A, B, C, D, & E).  Defendants have given prompt notice

of filing of the removal by filing a copy of Notice of Removed action with the Circuit

Court of Pope County and by mailing a copy of the same to Plaintiffs' attorney,

Matt Keil, Keil & Goodson, P.A., P.O. Box 618, Texarkana, TX 71854.

In filing this Notice of Removal, Defendants do not waive, and specifically

reserve, all defenses, exceptions, rights, and motions.  No statement herein or

omission herefrom shall be deemed constituted an admission by Defendants of any of

the allegations of or damages sought in the Complaint.

WHEREFORE, the Defendants, Julie Pollock and Western Flyer Express, LLC,

remove this action from the Circuit Court of Pope County, Arkansas, to the Western

Division of the United States District Court for the Eastern District of Arkansas.

WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVENUE, SUITE 200
LITTLE ROCK, AR 72201-1769
(501) 372-1406
(501) 372-1209 FAX


By:    _____
       RICHARD N. WATTS (82174)
       STACI DUMAS CARSON (2003158)

*5 of 6*

## CERTIFICATE OF SERVICE

I, Staci Dumas Carson, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this 24 day of June, 2016.

Matt Keil
Keil & Goodson, P.A.
P.O. Box 618
Texarkana, TX 71854

STACI DUMAS CARSON

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JOHN SIMS AND IDA JEAN ELLIOTT          §
INDIVIDUALLY AND AS CO-PERSONAL         §
REPRESENTATIVES OF THE ESTATE           §
OF JIMMY HOOD, DECEASED,                §
                                        §       NO. 58CV-16-244
          Plaintiffs,                   §
                                        §
vs.                                     §       JURY TRIAL DEMANDED
                                        §
JULIE POLLOCK AND                       §
WESTERN FLYER EXPRESS, LLC f/k/a        §
WESTERN FLYER EXPRESS, INC.             §
                                        §
          Defendants.                   §

## PLAINTIFFS' ORIGINAL COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

COMES NOW, the Plaintiffs, John Sims and Ida Jean Elliott, Individually and as Co-Personal Representatives of the Estate of Jimmy Hood, Deceased, and for their Original Complaint against Defendants, Julie Pollock and Western Flyer Express, LLC., f/k/a Western Flyer Express, Inc., would respectfully show unto the Court as follows:

### I.

### INTRODUCTION

1.      This is an action for wrongful death, survival and negligence, steaming from multiple incidents of recklessness and negligence that led to the accident on Friday, May 23, 2014, killing Jimmy Hood, Plaintiffs' descendent.



## II.

## PARTIES

2.      Plaintiffs, John Sims is a resident of Pope County and Ida Jean Elliott is a resident of Tulsa, Oklahoma and were duly appointed Co-Personal Representatives of the Estate of Jimmy Hood, deceased.

3.      Defendant, Julie Pollock, is an individual residing in Bunnell, Florida and may be served with process at her residential address 1307 Cottonwood Street, Bunnell, Florida 32110.

4.      Defendant, Western Flyer Express, LLC., f/k/a Western Flyer Express, Inc., is a domestic limited liability Company with its principle place of business at 5204 West I-40 Service Road, Oklahoma City, Oklahoma 73128. Defendant, Western Flyer Express, LLC., may be served through its registered agent for service of process, William Whitehill, Jr., at 100 North Broadway Ste 1700, Oklahoma City, Oklahoma 73102.

## III.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under A.C.A. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justifiable matters not otherwise assigned pursuant to the Constitution.

6.      Venue is proper under A.C.A. § 16-60-112, which states that all actions for damages for personal injury shall be brought in the county where the accident occurred or the county where the person injured resided at the time of the accident.

7.     Jurisdiction and venue are further proper in this Court as Pope County was residence of Jimmy Hood on all occasions relevant to these causes of action under A.C.A. § 16-55-213. Furthermore, the accident which is the subject of this complaint occurred in Pope County Arkansas.

## IV.

## FACTS

8.     On or about May 23, 2014, at approximately 9:00 a.m., Jimmy Hood of Russellville, Arkansas, was riding his three wheel bicycle in the area of the intersection of State Highway 326 and Parkway Drive, Russellville, Arkansas.   Jimmy Hood was wearing a fluorescent green reflecting vest and bicycle helmet.  His bicycle was equipped with a bike flag pole with a flag attached thereto.  Jimmy Hood had come to a stop at the intersection of State Highway 326 and Parkway Drive heading in a southerly direction waiting for the traffic signal to turn green so he could cross Parkway Drive. Once the traffic signal turned green Jimmy Hood started to proceed across Parkway Drive when he was violently and unexpectedly run over by a 2013 White Freightliner Fleet Tractor-Trailer vehicle owned by Defendant, Western Flyer Express, LLC, and driven by Defendant, Julie Pollock.  According to Defendant Julie Pollock's statement to the Russellville Police Department, she "came off exit 83- turned left; came over bridge in right hand lane; lights were green; put my indicator on to turn right; pulled slightly to center line to make turn; saw bicycle on curb sitting waiting to cross.  Didn't realize had hit somebody until people in cars were screaming at me. Pulled over to side of the road and stopped".

Jimmy Hood was crushed between the double axel rear tires on the passenger side of the trailer where he was drug approximately 200 feet before the truck was stopped. A portion of the fluorescent green reflecting vest was grounded into the asphalt along the path of the skid mark. The bicycle helmet that Jimmy Hood was wearing was still attached to his head; however, it was crushed on one side. Jimmy Hood suffered severe and extreme pain, suffering, mental anguish and multiple severe personal injuries that resulted in his death.

9.     The Plaintiffs would show that at the time and on the occasion in question, the Defendant, Julie Pollock, was acting as the agent or servant of the Defendant, Western Flyer Express, LLC., and that the Defendant, Julie Pollock, was operating the 2013 White Freightliner Fleet Tractor-Trailer while in the course and scope of her employment with Western Flyer Express, LLC., at the time of the accident in question. That as a result of the agent/servant relationship the negligence of Defendant, Julie Pollock is imputed to Defendant, Western Flyer Express, LLC.

10.     The death of Mr. Hood was the sole and proximate result of the injuries sustained due to the negligent conduct of Defendants, Julie Pollock and Western Flyer Express, LLC.

### V.

### CAUSES OF ACTION

A.  Negligence

11.     Plaintiffs incorporate by reference the allegations in paragraph 1-10 above. On May 23, 2014, Defendant, Julie Pollock was negligent in operating the 2013 White Freightliner Fleet Tractor-Trailer owned by Defendant, Western Flyer Express, LLC., in that she operated the vehicle without keeping a proper and sufficient lookout for pedestrians in and about the area; failed to exercise proper precautions upon observing Mr. Hood, who was a pedestrian, and struck him; failed yield at the intersection; failed to yield the pedestrians' right-of-way in crosswalks;

failed to give audible and proper warning of the approach of the tractor-trailer; failed to keep a proper lookout; failed to properly control her vehicle; failed to timely apply brakes, failed to change course or make adequate efforts to stop to avoid hitting Jimmy Hood; failed to stop the semi-tractor trailer when danger was imminent so as to avoid striking Jimmy Hood; failed to exercise ordinary care for her own safety and for the safety of others using the roadway; and otherwise carelessly, negligently, and improperly drove and operated the semi-tractor trailer.

As a direct and proximate result of the careless acts, Defendant, Julie Pollock's vehicle collided with Jimmy Hood resulting in his death.

12.     Plaintiffs would show that at the time and on the occasion in question the Defendant, Julie Pollock was operating a motor vehicle owned by Defendant, Western Flyer Express, LLC., and that by reason of said facts Defendant Western Flyer Express, LLC., is guilty of negligent entrustment.

13.     Defendant, Western Flyer Express, LLC., is responsible for all the negligent actions and inactions of Defendant, Julie Pollock plead above, under the doctrines or respondeat superior and agency.

14.     All negligent actions and inactions of Defendants as pled above were the sole and proximate cause of the injuries suffered by Jimmy Hood on the date of May 23, 2014, and his subsequent death.

## VI.

## DAMAGES

15.     Plaintiffs hereby incorporate by reference Paragraphs 1-14 above.

16.     Jimmy Hood died of multiple crushing injuries.

17.     Plaintiffs are entitled to recover from the Defendants, for the following elements of damages:

a.   Jimmy Hood's loss of life;

b.   Jimmy Hood's loss of enjoyment of life;

c.   Jimmy Hood's funeral expenses;

d.   The nature and extent of the injuries sustained by Jimmy Hood that ultimately led to his death;

e.   The conscious pain and suffering experienced by Jimmy Hood as result of the Defendants' negligence;

f.   The mental anguish experienced by Jimmy Hood before his death as a result of the Defendants' negligence;

g.   Loss of services for the care and maintenance of Patricia Ann Ross, a person who stood in loco parentis;

h.   Loss of earnings; and

i.   All other damages afforded under Arkansas law and/or deemed applicable by the Arkansas Model Jury Instructions or this Court.

## VII.

### DEMAND FOR TRIAL BY JURY

18.   Plaintiffs herewith demand a trial by jury of all issues of facts herein.

19.   Plaintiffs reserve the right to amend this Complaint including, but not limited to, additional counts and facts supportive of compensatory and/or punitive damages claims as discovery develops.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against the Defendants, jointly and severally, the exact amount to be determined by a jury, for punitive damages, for costs of this litigation, and for all other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

Matt Keil
Arkansas Bar No. 86099
KEIL & GOODSON P.A.
406 Walnut Street-P. O. Box 618
Texarkana, AR 71854
Telephone:  (870) 772-4113
Facsimile:   (870) 773-2967

ATTORNEY FOR PLAINTIFFS

# KEIL & GOODSON P.A.

### ATTORNEYS AT LAW
406 Walnut · P.O. Box 618
Texarkana, Arkansas · Texas 75504-0618

MATT KEIL
JOHN C. GOODSON

Of Counsel
JOHN W. GOODSON
(1925-2006)

TELEPHONE: 772-4113
AREA CODE 870

FACSIMILE: 773-2967
AREA CODE 870

May 18, 2016

58CV-16-244

Ms. Diane Willcutt
Circuit Clerk
100 W. Main
Russellville, AR 72801

RE:   *John Sims and Ida Jean Elliott Individually and as Co-Personal*
       *Representatives of the Estate of Jimmy Hood, Deceased*

Dear Ms. Willcutt:

Enclosed please find the original and one (1) copy of the Plaintiffs' Original Complaint and Demand for Trial by Jury in reference to the above listed matter. Please file-mark the original and issue two (2) summons in this case. I have enclosed our firm's check in the amount of $165.00 for the filing fee and summons.

The summons requested should be issued as follows:

(1)   Ms. Julie Pollock
      1307 Cottonwood Street
      Bunnell, Florida 32110

(2)   Mr. William Whitehill, Jr.
      Agent for Service
      Western Flyer Express, LLC
      100 North Broadway Ste 1700
      Oklahoma City, Oklahoma 73102

Thank you for your assistance in this matter. If I can be of further assistance, please do not hesitate to contact me. With kindest personal regards, I am,

Sincerely,

Tiffani Dennington
Legal Assistant to
Matt Keil

/tld
Enclosures
cc:   File

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Personal Representatives
of the Estate of JIMMY HOOD, Deceased                    PLAINTIFFS

v.                              NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                              DEFENDANTS

### ANSWER OF JULIE POLLOCK AND WESTERN FLYER EXPRESS, LLC F/K/A WESTERN FLYER EXPRESS, INC.

Come the Defendants, JULIE POLLOCK and WESTERN FLYER EXPRESS, LLC f/k/a WESTERN FLYER EXPRESS, INC., and for their Answer to Complaint, state:

1.      They deny Paragraph 1 of the Complaint to the extent it alleges or attempts to allege any acts of recklessness or negligence with regard to these Defendants.

2.      They admit residency of JOHN SIMS and IDA JEAN ELLIOTT. Upon information and belief, they would admit such individuals have been named as Representatives of the Estate of JIMMY HOOD, Deceased.  They are however, without knowledge or information sufficient to form a belief as to the truth of the



*1 of 5*

statement that such were properly or duly appointed to act in such capacity or that the Estate of JIMMY HOOD was properly established.

    3.     They admit JULIE POLLOCK is an individual residing in the State of Florida. They further admit that WESTERN FLYER EXPRESS, LLC f/k/a WESTERN FLYER EXPRESS, INC., is a business incorporated within the State of Oklahoma.

    4.     Paragraphs 5, 6, and 7 of the Complaint are statements of law not requiring a response by these Defendants. To the extent such allege or attempt to allege any improper act or omission by these Defendants, however, they are denied.

    5.     They admit the occurrence of an accident on or about 23 May 2014 at approximately 9:00 a.m. at or near the intersection of State Highway 326 and Parkway Drive in Russellville, Arkansas. They further admit such accident involved JIMMY HOOD who was operating a bicycle and JULIE POLLOCK who was operating a Freightliner Fleet Tractor-Trailer. To the extent Paragraph 8 of the Complaint alleges or attempts to allege any improper act or omission by JULIE POLLOCK, however, that Paragraph is denied. They would further deny JIMMY HOOD acted in the manner set forth in such Paragraph. They admit JIMMY HOOD died as a result of injuries sustained in the accident.

    6.     They admit JULIE POLLOCK was operating the 2013 white Freightliner Fleet Tractor-Trailer for WESTERN FLYER EXPRESS, LLC at the time

of the accident made subject of the Complaint.  Having previously denied JULIE POLLOCK was negligent, however, they would deny that any such conduct should be imputed to WESTERN FLYER EXPRESS, LLC.

7.      They deny Paragraph 10 of the Complaint.

8.      To the extent Paragraph 11 of the Complaint incorporates allegations previously denied, such Paragraph is denied.  They further deny each and every allegation of negligence set forth in Paragraph 11 of the Complaint.

9.      They deny Paragraphs 12, 13, and 14 of the Complaint.

10.     To the extent Paragraph 15 of the Complaint incorporates allegations previously denied, such Paragraph is denied.

11.     They generally admit the death of JIMMY HOOD, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint concerning the cause of such death.

12.     They deny Paragraph 17 of the Complaint.

13.     They deny all material allegations set forth in the Complaint which have not been specifically admitted to in this Answer including allegations of negligence, negligence per se, imputation of negligence, damages, or injuries.  Pleading further, and in the affirmative, they state:

(a)     Process was insufficient or inadequate as to both Defendants;

*3 of 5*

(b)     Service of process was insufficient or inadequate as to both Defendants;

(c)     If the Plaintiff, JIMMY HOOD, sustained damages or injuries as set forth in the Complaint, such were proximately caused by the negligence of that individual which acts to bar or diminish any right of recovery by his Estate;

(d)     Having previously stated they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the appointment of Plaintiffs, JOHN SIMS and IDA JEAN ELLIOTT, as Representatives of the Estate of JIMMY HOOD, they deny such Estate was properly established or that such individuals are proper representatives for the Estate;

(e)     They deny the claims of *in loco parentis* as made by or on behalf of Patricia Ann Ross;

(f)     They deny the existence of any proper heirs to the Estate of JIMMY HOOD as set forth by the applicable laws of the State of Arkansas including A.C.A. § 16-62-101 and A.C.A. § 16-62-102; and

(g)     They reserve each and every affirmative defense set forth in Rules 8 and 12 of Arkansas Rules of Civil Procedure to be pled with more particularity upon completion of discovery.

*4 of 5*

14.     They request trial by jury.

WHEREFORE, Defendants pray for dismissal of Complaint, for costs, and for all other just and proper relief.

> WATTS, DONOVAN & TILLEY, P.A.
> 200 RIVER MARKET AVENUE, SUITE 200
> LITTLE ROCK, AR 72201-1769
> (501) 372-1406
> (501) 372-1209 FAX

By: _____
RICHARD N. WATTS (82174)

## CERTIFICATE OF SERVICE

I, Richard N. Watts, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this 15 day of June, 2016.

Matt Keil
Keil & Goodson, P.A.
406 Walnut St
PO Box 618
Texarkana TX 71854

_____
RICHARD N. WATTS (82174)

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
DIVISION IV

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Person Representatives
of the Estate of JIMMY HOOD, Deceased                                   PLAINTIFFS

VS.                                NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                                   DEFENDANTS

## ORDER

    Now on this date the court orders that the pre trial hearing in this matter be reset from

October 11, 2016 to Tuesday, November 29, 2016 at 9:00 a.m..

    The parties have stated that November 29, 2016 does not conflict with their schedules.

    IT IS SO ORDERED.

                               Dennis C. Sutterfield
                               DENNIS C. SUTTERFIELD
                               Circuit Judge
                               Date 06/22/16

Copy To:

Mr. Matt Keil - 87-773-2967
Mr. Richard Watts - 501-372-1209

EXHIBIT
C

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS,
DIVISION IV

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Person Representatives
of the Estate of JIMMY HOOD, Deceased                         PLAINTIFFS

VS.                        NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                                DEFENDANTS

FILED
POPE CO. CIRCUIT CLERK
2016 JUN 20 PM 2:04

## ORDER

A pre-trial has been set in the above-referenced matter for 9:00 a.m. on October 11, 2016.

The parties are ordered and directed to submit to the court a pre-trial brief and to strictly follow the format set forth below:

I
STYLE OF CASE

II
NAME OF PARTY SUBMITTING REPORT

III
NAME, ADDRESS, PHONE NUMBER, FAX NUMBER AND
ADDRESS OF ATTORNEY REPRESENTING PARTY

IV
COMPLETE CHRONOLOGICAL LIST OF ANY AND ALL
PLEADINGS OF ANY KIND FILED BY THE PARTY.
SAID LIST SHALL INCLUDE THE DATE FILED, SUMMARY
OF ITS CONTENTS AND THE SPECIFIC RELIEF REQUESTED.

V.
COMPLETE LIST OF ANY AND ALL WITNESS WHICH MAY BE CALLED AT
TRIAL AS WELL AS A DESIGNATION AS TO WHETHER OR NOT SAID
WITNESS IS LAY OR EXPERT AS WELL AS A BRIEF
DESCRIPTION OF WHAT TESTIMONY IS EXPECTED OF EACH



EXHIBIT
D

## VI

### COMPLETE LIST OF ANY AND ALL EXHIBITS OF ANY KIND EXPECTED TO BE INTRODUCED AT TRIAL

## VII

### A COMPLETE LIST OF ANY AND ALL MOTIONS ON PRE-TRIAL ISSUES WHICH NEED TO BE ADDRESSED BY THE COURT PRIOR TO TRIAL

## VIII

### ISSUES OF FACT EXPECTED TO BE CONTESTED

## IX

### ISSUES OF LAW EXPECTED TO BE CONTESTED INCLUDING, BUT ARE NOT LIMITED TO, BURDENS OF PROOF AND DEFENSES AS WELL AS ANY CASE LAW OR STATUTORY LAW WHICH APPLIES

## X

### ANY STIPULATIONS ENTERED INTO BY THE PARTIES

The Pre-Trial Reports shall be filed with the Clerk of this Court no later than the 3rd day of October, 2016 with a copy going to the court and all other parties.

IT IS SO ORDERED.

_Dennis C. Sutterfield_
DENNIS C. SUTTERFIELD
CIRCUIT JUDGE
DATE: June 20, 2016

COPY TO:

Mr. Matt Keil - 870-773-2967
Mr. Richard N. Watts - 501-372-1209

IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

JOHN SIMS and IDA JEAN ELLIOTT,
Individually and as Co-Personal Representatives
of the Estate of JIMMY HOOD, Deceased                          PLAINTIFFS

v.                               NO. 58CV-16-244

JULIE POLLOCK and
WESTERN FLYER EXPRESS, LLC f/k/a
WESTERN FLYER EXPRESS, INC.                                    DEFENDANTS

## NOTICE OF REMOVED ACTION

Defendants Julie Pollock and Western Flyer Express, LLC hereby serve notice

that it has this date filed a Notice of Removal with the United States District Court

for the Eastern District of Arkansas, Western Division.  Copies of all pleadings,

process, orders, and other filings in the Circuit Court of Pope County, Arkansas, have

been attached to the Notice of Removal.  Counsel for Plaintiff has received written

notice of this Notice of Removal.  Attached hereto as Exhibit A is copy of the Notice

of Removal.

WATTS, DONOVAN & TILLEY, P.A.
200 RIVER MARKET AVENUE, SUITE 200
LITTLE ROCK, AR 72201-1769
(501) 372-1406
(501) 372-1209 FAX

By:   _____
RICHARD N. WATTS (82174)
STACI DUMAS CARSON (2003158)

## CERTIFICATE OF SERVICE

I, Staci Dumas Carson, hereby certify that a copy of the above and foregoing pleading was mailed to all attorneys of record as listed below this 24 day of June, 2016.

Matt Keil
Keil & Goodson, P.A.
P.O. Box 618
Texarkana, TX 71854

_____
STACI DUMAS CARSON