IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
CIVIL DIVISION

| | | |
|---|---|---|
| JOHN SIMS AND IDA JEAN ELLIOTT INDIVIDUALLY AND AS CO-PERSONAL REPRESENTATIVES OF THE ESTATE OF JIMMY HOOD, DECEASED, | § § § § § | |
| Plaintiffs, | § § | NO. 58CV-16-244 |
| vs. | § § § | JURY TRIAL DEMANDED |
| JULIE POLLOCK AND WESTERN FLYER EXPRESS, LLC f/k/a WESTERN FLYER EXPRESS, INC. | § § § § | |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW, the Plaintiffs, John Sims and Ida Jean Elliott, Individually and as Co-Personal Representatives of the Estate of Jimmy Hood, Deceased, and for their Original Complaint against Defendants, Julie Pollock and Western Flyer Express, LLC., f/k/a Western Flyer Express, Inc., would respectfully show unto the Court as follows:

### I.

### INTRODUCTION

1.       This is an action for wrongful death, survival and negligence, steaming from multiple incidents of recklessness and negligence that led to the accident on Friday, May 23, 2014, killing Jimmy Hood, Plaintiffs' descendent.



EXHIBIT
A

## II.

## PARTIES

2.      Plaintiffs, John Sims is a resident of Pope County and Ida Jean Elliott is a resident of Tulsa, Oklahoma and were duly appointed Co-Personal Representatives of the Estate of Jimmy Hood, deceased.

3.      Defendant, Julie Pollock, is an individual residing in Bunnell, Florida and may be served with process at her residential address 1307 Cottonwood Street, Bunnell, Florida 32110.

4.      Defendant, Western Flyer Express, LLC., f/k/a Western Flyer Express, Inc., is a domestic limited liability Company with its principle place of business at 5204 West I-40 Service Road, Oklahoma City, Oklahoma 73128. Defendant, Western Flyer Express, LLC., may be served through its registered agent for service of process, William Whitehill, Jr., at 100 North Broadway Ste 1700, Oklahoma City, Oklahoma 73102.

## III.

## JURISDICTION AND VENUE

5.      Jurisdiction is proper under A.C.A. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to other courts. Jurisdiction is also proper under the Arkansas Constitution, Amendment 80 § 6(A), which states that circuit courts are established as trial courts of original jurisdiction of all justifiable matters not otherwise assigned pursuant to the Constitution.

6.      Venue is proper under A.C.A. § 16-60-112, which states that all actions for damages for personal injury shall be brought in the county where the accident occurred or the county where the person injured resided at the time of the accident.

7.     Jurisdiction and venue are further proper in this Court as Pope County was residence of Jimmy Hood on all occasions relevant to these causes of action under A.C.A. § 16-55-213. Furthermore, the accident which is the subject of this complaint occurred in Pope County Arkansas.

## IV.

## FACTS

8.     On or about May 23, 2014, at approximately 9:00 a.m., Jimmy Hood of Russellville, Arkansas, was riding his three wheel bicycle in the area of the intersection of State Highway 326 and Parkway Drive, Russellville, Arkansas.   Jimmy Hood was wearing a fluorescent green reflecting vest and bicycle helmet.  His bicycle was equipped with a bike flag pole with a flag attached thereto.  Jimmy Hood had come to a stop at the intersection of State Highway 326 and Parkway Drive heading in a southerly direction waiting for the traffic signal to turn green so he could cross Parkway Drive. Once the traffic signal turned green Jimmy Hood started to proceed across Parkway Drive when he was violently and unexpectedly run over by a 2013 White Freightliner Fleet Tractor-Trailer vehicle owned by Defendant, Western Flyer Express, LLC, and driven by Defendant, Julie Pollock.  According to Defendant Julie Pollock's statement to the Russellville Police Department, she "came off exit 83- turned left; came over bridge in right hand lane; lights were green; put my indicator on to turn right; pulled slightly to center line to make turn; saw bicycle on curb sitting waiting to cross.  Didn't realize had hit somebody until people in cars were screaming at me. Pulled over to side of the road and stopped".

Jimmy Hood was crushed between the double axel rear tires on the passenger side of the trailer where he was drug approximately 200 feet before the truck was stopped. A portion of the fluorescent green reflecting vest was grounded into the asphalt along the path of the skid mark. The bicycle helmet that Jimmy Hood was wearing was still attached to his head; however, it was crushed on one side. Jimmy Hood suffered severe and extreme pain, suffering, mental anguish and multiple severe personal injuries that resulted in his death.

9.     The Plaintiffs would show that at the time and on the occasion in question, the Defendant, Julie Pollock, was acting as the agent or servant of the Defendant, Western Flyer Express, LLC., and that the Defendant, Julie Pollock, was operating the 2013 White Freightliner Fleet Tractor-Trailer while in the course and scope of her employment with Western Flyer Express, LLC., at the time of the accident in question. That as a result of the agent/servant relationship the negligence of Defendant, Julie Pollock is imputed to Defendant, Western Flyer Express, LLC.

10.     The death of Mr. Hood was the sole and proximate result of the injuries sustained due to the negligent conduct of Defendants, Julie Pollock and Western Flyer Express, LLC.

## V.

## CAUSES OF ACTION

### A. Negligence

11.     Plaintiffs incorporate by reference the allegations in paragraph 1-10 above. On May 23, 2014, Defendant, Julie Pollock was negligent in operating the 2013 White Freightliner Fleet Tractor-Trailer owned by Defendant, Western Flyer Express, LLC., in that she operated the vehicle without keeping a proper and sufficient lookout for pedestrians in and about the area; failed to exercise proper precautions upon observing Mr. Hood, who was a pedestrian, and struck him; failed yield at the intersection; failed to yield the pedestrians' right-of-way in crosswalks;

failed to give audible and proper warning of the approach of the tractor-trailer; failed to keep a proper lookout; failed to properly control her vehicle; failed to timely apply brakes, failed to change course or make adequate efforts to stop to avoid hitting Jimmy Hood; failed to stop the semi-tractor trailer when danger was imminent so as to avoid striking Jimmy Hood; failed to exercise ordinary care for her own safety and for the safety of others using the roadway; and otherwise carelessly, negligently, and improperly drove and operated the semi-tractor trailer.

As a direct and proximate result of the careless acts, Defendant, Julie Pollock's vehicle collided with Jimmy Hood resulting in his death.

12.     Plaintiffs would show that at the time and on the occasion in question the Defendant, Julie Pollock was operating a motor vehicle owned by Defendant, Western Flyer Express, LLC., and that by reason of said facts Defendant Western Flyer Express, LLC., is guilty of negligent entrustment.

13.     Defendant, Western Flyer Express, LLC., is responsible for all the negligent actions and inactions of Defendant, Julie Pollock plead above, under the doctrines or respondeat superior and agency.

14.      All negligent actions and inactions of Defendants as pled above were the sole and proximate cause of the injuries suffered by Jimmy Hood on the date of May 23, 2014, and his subsequent death.

## VI.

## DAMAGES

15.     Plaintiffs hereby incorporate by reference Paragraphs 1-14 above.

16.     Jimmy Hood died of multiple crushing injuries.

17.     Plaintiffs are entitled to recover from the Defendants, for the following elements of damages:

a.      Jimmy Hood's loss of life;

b.      Jimmy Hood's loss of enjoyment of life;

c.      Jimmy Hood's funeral expenses;

d.      The nature and extent of the injuries sustained by Jimmy Hood that
        ultimately led to his death;

e.      The conscious pain and suffering experienced by Jimmy Hood as result of
        the Defendants' negligence;

f.      The mental anguish experienced by Jimmy Hood before his death as a
        result of the Defendants' negligence;

g.      Loss of services for the care and maintenance of Patricia Ann Ross, a
        person who stood in loco parentis;

h.      Loss of earnings; and

i.      All other damages afforded under Arkansas law and/or deemed applicable
        by the Arkansas Model Jury Instructions or this Court.

## VII.

## DEMAND FOR TRIAL BY JURY

18.     Plaintiffs herewith demand a trial by jury of all issues of facts herein.

19.     Plaintiffs reserve the right to amend this Complaint including, but not limited to,
additional counts and facts supportive of compensatory and/or punitive damages claims as
discovery develops.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against the Defendants, jointly and severally, the exact amount to be determined by a jury, for punitive damages, for costs of this litigation, and for all other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

Matt Keil
Arkansas Bar No. 86099
KEIL & GOODSON P.A.
406 Walnut Street-P. O. Box 618
Texarkana, AR 71854
Telephone:  (870) 772-4113
Facsimile:   (870) 773-2967

ATTORNEY FOR PLAINTIFFS